UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**Abdullah Hussein**
**Lutfi Hussein**

**On behalf of Themselves and**
**all others similarly situated**

    **Plaintiffs**

    v.

**JJ Chen, LLC**
**JingJin Chen**

    **Defendants.**

Case No.     19-cv-21

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendant state as follows:

1. This is an individual and collective action under the Fair Labor Standards Act against JJ Chen, LLC ("JJ Chen"), to seek redress for JJ Chen's failure to pay minimum wage, overtime pay, and Wisconsin law full straight time pay to its restaurant workers/delivery drivers; and to impose personal liability against co-defendant JingJin Chen for setting and administering the employee compensation policies that resulted in violations of the FLSA.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

1

3. This Court has personal jurisdiction over the Defendants because they reside in and perform a substantial amount of work in this District; and because the Plaintiffs' claims arise from the Defendant's performance of work in, and therefore contacts with this District.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

## THE PARTIES

5. At all times relevant to the Complaint, the Defendants operated a restaurant named JJ Chen's Eatery located at 10722 W. Oklahoma Avenue in West Allis, Wisconsin.

6. Both named Plaintiffs are adult residents of the State of Wisconsin who worked at JJ Chen's Eatery as both inside restaurant workers and as delivery drivers. A copy of the FLSA consents signed by both named plaintiffs are attached to the complaint.

7. Defendant JJ Chen is a domestic limited liability company based in Wisconsin whose sole business is the operation of JJ Chen's Eatery. Upon information and belief Defendant JingJin Chen is the owner of, and officer in charge at JJ Chen's Eatery.

## FACTS

8. Between 2016 and the present, the Plaintiffs worked as delivery drivers at JJ Chen's Eatery. When the Eatery did not need to make deliveries, or if the deliveries were made by other drivers, the Plaintiffs would perform other work inside the restaurant including but not limited to taking phone orders, collecting payment, cleaning and prepping produce, cooking, and putting sauce in containers.

9. Because the Eatery required very few deliveries between opening at 10:30 a.m. and 5:00 p.m., the Plaintiffs generally would spend more than 50% of their work time working

inside the restaurant, for which they did not receive any tips; and fewer than 50% of their work time making food deliveries for which they did receive tips.

10. For their work for the Defendants the Plaintiffs received $4 per hour for all credited work hours that the Defendants counted as straight time work hours, and $6 per hour for all credited work hours that the Defendants counted as overtime work hours.

11. The Defendants have never notified the Plaintiffs, just like they have never notified any of their other delivery drivers, as to the amount of the tip credit that they were claiming against its delivery drivers' wages, i.e. the difference between the Plaintiffs' cash rate of compensation and the full minimum wage; or that the Plaintiffs are entitled to the full minimum wage through a combination of cash and tips.

12. Throughout the course of their employment with the Defendants the Plaintiffs have never signed tip declarations within the meaning of DWD §272.12(2)(b)1.

13. The Plaintiffs, who were paid on a monthly basis, were frequently paid for fewer hours than their actual hours worked during the month.

14. The Defendants sometimes compensated the Plaintiffs at the straight time rate of $4 per hour rather than the overtime rate of $6 per hour for some of their hours worked over 40 hours per week.

15. From the Plaintiffs' cash wages the Defendants withheld federal, Wisconsin, and social security taxes on cash wages, tips, and delivery charges that the Defendants claim the Plaintiffs received.

16. Tips and delivery charges for which the Defendants withheld taxes from the Plaintiffs' cash wages include monies that the Plaintiffs never received, such as but not limited to

3

tips on carry out orders and delivery charges, so that the Plaintiffs ended up paying taxes on a portion of the Defendant's income for the carryout and delivery orders.

17. Plaintiffs incurred substantial vehicular expenses while working for the Defendants including gasoline costs, tire replacement costs, costs for replacing other car parts, and costs for repairing their cars following work related accidents. The Defendants have never provided the Plaintiffs with any reimbursement for their vehicular expenses.

18. Both Plaintiffs quit their employment with the Defendants on December 2, 2018; but to date have not received any cash wages for their work performed in November and December of 2018.

19. Upon information and belief between January 3, 2016 and the present the Defendants have employed at least nine delivery drivers for JJ Chen's Eatery, including the Plaintiffs.

20. Defendant JingJin Chin is responsible for setting each and every employee compensation policy outlined in paragraphs 8-18 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

21. Named Plaintiffs bring their First Claim for Relief, pursuant to the Fair Labor Standards Act, on their own behalf and on behalf of all other similarly situated delivery drivers for whom the Defendants improperly claimed a tip credit even though it never gave then the appropriate notices required by the FLSA; and who as a result did not receive the minimum wages and overtime pay required by the FLSA after counting their vehicular expenses.

22. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C.

§216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims that are similar to their first claim for relief.

23. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that they were all delivery drivers employed by the Defendants, were all paid hourly wages below minimum wage for non-tipped employees, and did not receive the appropriate notices that an employer must give to its employees before it could claim a tip credit under the FLSA.

**Count I.    Minimum Wage and Overtime Pay Claim Under the Fair Labor Standards Act.**

24. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 23 of the Complaint.

25. JJ Chen is not entitled to pay to the Plaintiffs minimum wages and overtime pay for tipped occupations when it never notified the Plaintiffs either the amount of the tip credit that it was claiming against them, or that the Plaintiffs were entitled to the full minimum wage through a combination of cash wages plus tips.

26. Alternatively, JJ Chen is not entitled to pay to the Plaintiffs minimum wages and overtime pay for tipped occupations for their time spent performing work inside JJ Chen's Eatery whey they spent more than 50% of their time working in the restaurant for which they were not eligible to keep any tips paid by JJ Chen's customers.

27. JJ Chen failed to pay the legally required minimum wages to the Plaintiffs by failing to compensate them at all for some of their hours worked, by requiring the Plaintiffs to pay taxes out of their cash wages for delivery charges and carry-out order tips that they never

received, and by causing the Plaintiffs to incur their own vehicular expenses for making the deliveries.

28. JJ Chen failed to pay the legally required overtime pay to the Plaintiffs for their hours worked over 40 per week both for overtime hours worked that it failed to count at all, and for overtime hours worked that it counted and paid as straight time work hours.

29. Additionally, once improper tax deductions and vehicular expenses are taken into account, the Plaintiffs did not receive the full amount of legally required overtime pay for their credited overtime work hours, even assuming the Defendants can compensate them at the overtime wage rate for tipped employees.

30. The Defendants additionally violated the FLSA by failing to pay to the Plaintiffs any cash wages for their hours worked in November and December of 2018.

31. Since Defendants did not have any, let alone reasonable grounds for believing that its methodology of compensating its delivery drivers complied with the FLSA, the Plaintiffs are entitled to recover against the Defendants liquidated damages; and to the application of a three years statute of limitations.

32. The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against the Defendants.

**Count II. Minimum Wage and Overtime Pay Claim Under Wisconsin Law.**

33. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-32 of the Complaint.

34. JJ Chen must pay to the Plaintiffs the minimum wage for non-tipped employees, given that it never required the Plaintiffs to sign, and therefore does not maintain within its

employee files the tip declarations required by DWD §272.03(2)(a)1 before an employer could use the minimum wage for tipped employees to compensate its employees.

35. JJ Chen violated Wisconsin law by failing to compensate the Plaintiffs at the agreed upon rate of $4 per hour for some of their hours worked over 40 per week.

36. JJ Chen violated Wis. Stat. §109.03(2) by failing to timely compensate the Plaintiffs in full following their termination of employment.

37. JJ Chen's violations of the Fair Labor Standards Act, as outlined in paragraphs 25-31 of the Complaint, similarly constitute violations of Wisconsin's minimum wage and overtime laws.

38. Plaintiffs are entitled to recover against JJ Chan's, in addition to all minimum wages, straight time wages, and overtime wages owed to them, 50% of the owed wages as liquidated damages, plus their reasonable attorneys' fees and costs incurred in prosecuting this action.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that the Defendants are jointly and severally liable to them for all minimum wage and overtime pay, plus 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act, for the time period starting on January 3, 2016;

2. Finds that Defendant JJ Chen is liable to them for all minimum wage, straight time pay, and overtime pay, plus 50% liquidated damages, and attorneys' fees and costs arising out of the Plaintiffs' claims arising under Wisconsin law, for the time period starting on January 3, 2017;

7

3. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 3rd day of January, 2019.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Wis. Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308

## Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, Abdullah Hussein, hereby consents to participate in the lawsuit against JJ Chen ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 1-3-19

Signed: [signature]

## Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, Lutfi Hussein, hereby consents to participate in the lawsuit against JJ Chen ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 1-3-19

Signed: *[signature]*