UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ABDULLAH HUSSEIN and
LUFTI HUSSEIN,
on behalf of themselves and
all others similarly situated,
          Plaintiffs,

v.                                        Case No. 19-cv-21

JUN-YAN, LLC, YUN YAN, and
"JOHN" YAN aka JUN LIANG,[1]
          Defendants.

## AMENDED ORDER

Plaintiffs have brought claims against their former employer for wages owed under the Fair Labor Standards Act ("FLSA") and state law. Plaintiffs have moved for partial summary judgment, seeking judgment as to liability. For the reasons that follow, I grant in part and deny in part Plaintiffs' motion.

### I. BACKGROUND

Abdullah and Lufti Hussein worked as delivery drivers for Defendants' restaurant, JJ Chen's Eatery, in West Allis, WI. ECF 35, ¶ 1. The parties agree that Plaintiffs were paid at least $4 per hour plus tips; whether they were also paid delivery charges is disputed. *Id.*, ¶¶ 2, 4-6, 10. *See also* ECF 41, ¶ 1(2).[2] Defendants believe that Plaintiffs ultimately received between $13 and $15 per hour after tips. *See* ECF 14-3; ECF 30-3 at 23:5–7; ECF 38, ¶ 3. While making deliveries, Plaintiffs used their own vehicles, incurring

---

      [1] Defendant Jun Liang uses an Anglicized pseudonym. *See* ECF 35, ¶¶ 21-27. He will be referred to as "Jun Liang" or "Liang" in this order.
      [2] *See also* ECF 42, ECF 42-1, RFP ¶ 3, and ECF 30-1.

expenses such as those for gasoline, oil changes, and new tires. ECF 35, ¶ 9. Defendant Liang set the rules for how the restaurant compensated its employees and was the person who paid Plaintiffs. *Id.*, ¶¶ 31-32. Abdullah began working at JJ Chen's on January 1, 2016 and Lutfi started on April 25, 2018; both left JJ Chen's on or about December 1, 2018. ECF 29, ¶¶ 1, 3; ECF 35, ¶ 18.[3]

Plaintiffs subsequently filed this action for unpaid wages, alleging violations of the FLSA[4] and state law. In support of their partial summary judgment motion, Plaintiffs argue that Defendants cannot prove that they (1) provided Plaintiffs notice necessary to claim a tip credit under the FLSA and Wisconsin law; (2) paid Plaintiffs delivery charges required under the FLSA; and (3) paid overtime wages to Plaintiffs, when appropriate. Further, Defendant Liang is personally liable as their employer under the FLSA, liquidated damages under the FLSA are appropriate, and Plaintiffs are entitled to a three-year statute of limitations on their claims.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, I view the evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

---

[3] The facts relevant to specific contested issues will be discussed in greater detail below.
[4] On July 29, 2019, I granted Plaintiffs' motion for conditional certification under the FLSA. ECF 19. Abdullah and Lufti Hussein are still the only plaintiffs in this action.

### III. DISCUSSION

**A. Notice of "Tip credit" under the FLSA**

The FLSA requires that employers pay their employees a minimum wage for each hour of work, however this obligation may be offset as to a tipped employee by the tips the employee receives. *See* 29 U.S.C. § 206; 29 U.S.C. § 203(m)(2)(A). This offset is referred to as a "tip credit." Employers utilizing a tip credit are required to have "informed" affected employees. 29 U.S.C. § 203(m)(2)(A). For statutory purposes, the employees must be informed as follows: (1) the amount of the cash wage that is to be paid to the tipped employee by the employer; (2) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer (which amount may not exceed the value of the tips actually received by the employee); (3) all tips received by the tipped employee must be retained by the employee (except for a valid tip pooling arrangement); and (4) the tip credit shall not apply to any employee who has not been informed of these requirements in this section. 29 C.F.R. § 531.59(b). "[A]n employer is not eligible to take the tip credit unless it has informed its tipped employees *in advance* of the employer's use of the tip credit…" *Id.* (emphasis added).[5]

The employer bears the burden to establish that it provided sufficient notice of its intent to take the tip credit. *Gabryszak*, 427 F.Supp.3d at 1005 (citing *Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 27, 30 (1st Cir. 2014)). Here, Defendants never had any posters at the restaurant that explained the minimum wage and/or tip credit. ECF 35, ¶¶

---

[5] Despite a base wage of $4 per hour, it appears that Plaintiffs ultimately received between $13 and $15 per hour when including tips. *See* ECF 14-3; ECF 41, ¶ 15(14); ECF 30-3 at 23:5–7; ECF 38, ¶ 3. However, even if FLSA plaintiff-employees ultimately receive more than the mandated minimum wage when including tips, plaintiffs may still recover where an employer is not entitled to claim a tip credit for failure to provide adequate notice. *See Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) (explaining penalty for omitting notice). *See also Basina v. Thai*, 2016 WL 6833921, at *5, n. 7 (N.D. Ill. Nov. 21, 2016); *Gabryszak v. Aurora Bull Dog Co.*, 427 F.Supp.3d 994, 1005, n. 3 (N.D. Ill. 2019).

7-8. Instead, Defendants point to a selection of Plaintiffs' paystubs as proof that they gave adequate notice, because the calculations listed provide all the necessary information. *See* ECF 14-3; ECF 42, ¶ 9(6) ("Those check stubs state the number of hours worked, payment received at $4 an hour and the tips which include delivery charges which were paid to the plaintiffs in cash…"); ECF 38, ¶ 3. Defendant Liang also "explained the tip credit as well as [he] could by telling [Plaintiffs] that they were being paid less than the minimum wage and tips that they were receiving would bring their pay up to the minimum wage." ECF 38, ¶ 2. *See also* ECF 18-1, ¶ 2 ("Yun Yan explained Plaintiffs were being paid less than the minimum wage and the tips they were receiving would be added to their pay to bring their pay up to minimum wage."). Defendants assert that this explanation and the summary of wages on their monthly paystubs provided Plaintiffs adequate knowledge about the tip credit. *See* ECF 37 at 3-5.

As Plaintiffs point out, this does not convey what is necessary under § 531.59(b), which requires, in part, that employers inform tipped employees in advance that all tips received by the tipped employee must be retained by the employee and that the tip credit does not apply to any employee who has not been informed of the requirements of § 531.59. Even when viewed most favorably, Defendants' proffered evidence could not convince a reasonable jury that it met either of these two elements, nor does it address what happens when the $4 wage plus tips do not reach the minimum wage.[6] *See Schaefer v. Walker Bros. Enterprises*, 829 F.3d 551, 556–57 (7th Cir. 2016) (what matters most to tipped employees likely includes "if tips plus the cash wage do not at least match the current minimum wage, the employer must make up the difference"). As explained by

---

[6] Even if the paystubs did amount to sufficient notice, this would not inform employees "*in advance* of the employer's use of the tip credit" as required by § 531.59(b) (emphasis added).

the District Court in *Gabryszak*, even though Defendants are non-movants at this stage, they have the burden of proof on the issue of notice; accordingly, once Plaintiffs point out a lack of evidence as to notice, Defendants must show some evidence that would allow a jury to find in its favor. 427 F.Supp.3d at 1006 (citations omitted). *See also Diadenko v. Folino*, 741 F.3d 751, 757-58 (7th Cir. 2013) ("[S]ummary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.").

Defendants simply have not made this minimum showing. They had no posters or any other tangible, written notice that could plausibly explain the tip credit to their employees in advance of claiming the tip credit. Verbal conversations between employer and employee could be enough to create a material dispute of fact, *see, e.g.*, *Berger v. Perry's Steakhouse of Illinois, LLC*, 430 F.Supp.3d 397, 417–18 (N.D. Ill. 2019) (material dispute of fact as to notice requirement where there existed conflicting recollections re: conversations with management about tip credit), however, Defendants do not allege that they conveyed the information specifically required by § 531.59(b) in their explanation to Plaintiffs, nor does the record support even a mere inference of such. *See* ECF 30-3 at 23:13–24:15 (deposition testimony as to Defendant Liang's knowledge of procedural requirements). Defendants have not shown that a reasonable jury could find that they provided Plaintiffs with all the information necessary to claim the tip credit under the FLSA. Plaintiffs' motion is granted on this issue.

**B. Tip credit declaration under Wisconsin law**

A plaintiff-employee may file an action for back wages under Wis. Stat. § 109.03(5). Wis. Stat. § 104.045(1) authorizes the Wisconsin Department of Workforce

5

Development ("DWD") to promulgate rules governing "[t]he counting of tips or similar gratuities toward fulfillment of the employer's obligation under the [minimum wage] chapter." Under DWD regulations, an employer taking a tip credit "must have a tip declaration signed by the tipped employee each pay period… to show that when adding the tips received to the wages paid by the employer, no less than the minimum rate was received by the employee." Wis. Admin. Code DWD § 272.03(2)(b)(1).[7] When the employer's time and payroll records do not contain these requirements, no tip credit shall be allowed. *Id.*

Defendants concede that they obtained no signed tip declarations from Plaintiffs. ECF 35, ¶ 12; ECF 18-1, ¶ 4. Defendants argue that because no Wisconsin court has not yet found liability on this provision, this court should refrain from doing so. ECF 37 at 7. Alternatively, the court should "overrule the application of the DWD rule that there can be no tip credit without the employee signing a tip declaration each week." *Id.* at 8. Neither rationale warrants ignoring the regulation at issue. Federal courts often rule on state law issues even where there is no precedent directly on point, looking to other relevant state precedents and analogous decisions for guidance. *In re I80 Equip., LLC*, 938 F.3d 866, 869–70 (7th Cir. 2019) (citations omitted). Here, Wisconsin courts have allowed plaintiffs to pursue back wages (as Plaintiffs do here) for alleged violations of other comparable DWD regulations. *See*, *e.g.*, *German v. Wisconsin Dep't of Transp., Div. of State Patrol*, 2000 WI 62, ¶ 10 (§ 109.03(5) and DWD rule requiring employers to pay employees for on-duty meal periods combined to "create a system to assure that each employee is compensated for his or her labor."); *O'Brien v. Travelers Inn, LLC*, 2019 WI App 21, ¶ 15

---

[7] The minimum wage mandated in Wisconsin, like the federal minimum wage, is $7.25. *See* Wis. Admin. Code DWD § 272.03(1).

(unpublished disposition) (employer did not meet minimum wage requirement when violating board and lodging deduction rules under DWD § 272.03(3)). Defendants have not demonstrated nor can I identify any reason why this regulation should be treated differently than those in the cases listed above. Therefore, because Defendants have admitted they obtained no signed tip declarations from Plaintiffs, I find that they are not entitled to claim a tip credit towards the minimum wage under Wisconsin law, either. Plaintiffs' motion is granted on this issue.

**C. Delivery charges**

Under 29 C.F.R. § 531.35, wages cannot be considered to have been paid by the employer unless they are paid "free and clear." This means that FLSA wage requirements "will not be met where the employee 'kicks-back' directly or indirectly to the employer… the whole or part of the wage delivered to the employee." *Id.* The FLSA is violated where the cost of "tools of the trade," provided by the employee and used or specifically required in the course of the employee's work, cuts into the minimum or overtime wages required to be paid him. *Id. See also Rechtoris v. Dough Mgmt., Inc.*, 2019 WL 1515229, at *1 (N.D. Ind. Apr. 5, 2019) (explaining that, under § 531.35, "job-related expenses primarily for the benefit of the employer (such as tools or uniforms) cannot be charged to the employee if the expenses would drive the employee's pay below minimum wage"). In this context, vehicle expenses incurred by delivery drivers are "tools of the trade" for the benefit of their employers, and therefore must be fully reimbursed lest a minimum wage violation be triggered. *Burton v. DRAS Partners, LLC*, 2019 WL 5550579, at *2 (N.D. Ill. Oct. 27, 2019) (citing cases).

During the relevant period, Defendants charged customers a delivery fee between $2 and $6 depending on the distance between the restaurant and the delivery destination. ECF 35, ¶ 3. Plaintiffs used their own cars to make deliveries and incurred expenses such as gas and maintenance. *Id.*, ¶ 9. Abdullah Hussein alleges that he paid all such expenses himself. ECF 29, ¶ 2. At his December 12, 2019 deposition, Defendant Liang testified that for deliveries paid in cash, Plaintiffs would keep the delivery charges; for credit card transactions, Plaintiffs would be reimbursed in cash at the end of their shift. *See* ECF 30-3 at 6:22–23; 10:7–11:10. Neither party kept track of delivery charges or vehicle expenses. ECF 38, ¶ 4. After the deposition, Plaintiffs served on Defendants another round of discovery requests, including requests for documents showing Defendants' income in order to determine whether Plaintiffs were paid delivery charges. *See* ECF 42-1, RFP ¶ 3; ECF 42, ¶¶ 2-3. Defendants never produced the requested information, providing this statement in response:

> You first talked about my client's refusal to provide any information in response to Doc. Request No. 3. The answer to your inquiry is that my clients did not pay the service charges to their employees. All of the services charges were deposited in my client's bank account. Therefore, the deposits would equal the gross receipts. Therefore, having the information you requested Doc. Request No. 3 would not give you any relevant information.
>
> With regard to Doc. Request No. 3, the information you asked for would not give you the documentation you are looking for […] You can call me at any time to further discuss this matter.

ECF 30-1, ¶ 1. Plaintiffs assert that this email amounts to an admission; but for this stipulation, counsel would have filed a motion to compel and/or raised alternative arguments in the motion for summary judgment. ECF 42, ¶¶ 4-6. *See also* ECF 23, 24, & 25. Defendants' counsel responds by explaining that he did not believe the document requests were relevant because there would be no proof of delivery fees on the bank

statements or credit card authorizations given that Defendants paid Plaintiffs in cash, as explained by Defendant Liang at his deposition. ECF 35, ¶ 5.

Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. *Keller v. United States*, 58 F.3d 1194, 1198-99 n.8 (7th Cir. 1995). I am not convinced that Defendants' response is a binding stipulation that warrants granting Plaintiffs' summary judgment on this issue. Admittedly, the response from Defendants' counsel is confusing. Counsel says "my clients did not pay the service charges to their employees," yet also explains that the requested information is irrelevant, implying that information regarding Plaintiffs' request could be found elsewhere.[8] Read liberally, however, "my clients did not pay the service charges to their employees" can reasonably be understood to mean that Defendants did not pay the service charges *directly* to their employees from the payments received via credit card. I am reluctant to resolve a merits issue on what is probably best understood as a miscommunication between the parties' respective counsel on a discovery request, particularly where it appears from deposition testimony that there is a dispute of fact that is both genuine and material. I deny the motion on this issue.

**D. Overtime pay under the FLSA and Wisconsin law**

Under the FLSA and Wisconsin state law, employers must pay overtime to employees who work more than 40 hours in a work week at a rate of 1.5 times the employee's regular hourly wage. 29 U.S.C. § 207(a)(1); Wis. Stat. § 103.02; Wis. Admin. Code DWD § 274.03. Plaintiffs allege that they worked every day that the restaurant was open from late April 2018 to early December 2018, often working more than forty hours

---

[8] The cash that Defendants allege that they paid to reimburse Plaintiffs' delivery charges had to come from *somewhere*, and there could certainly exist records that prove this.

per week. ECF 29, ¶ 3; ECF 15, ¶ 5. Defendant Liang admits that Abdullah worked five hours per day while Lufti would work nine hours per day. ECF 38, ¶ 5. Liang testified at his deposition that there were weeks where Plaintiffs worked over forty hours per week and still received only $4 per hour in base wages, as agreed upon by himself and Plaintiffs. ECF 30-3 at 25:11–26:2. *See also* ECF 30-3 at 28:1–5, 18–21. Liang also testified that he transferred hours worked from Lufti Hussein to Abdullah Hussein upon their request; for example, if, on a given day, the brothers worked a different amount of hours that together added up to sixteen hours, each brother would receive credit for eight hours worked, regardless of the hours they worked individually. ECF 30-3 at 64:18–65:24. *See also* ECF 35, ¶ 17 ("The defendant would add the wages they were each entitled to and then divide by 2. The plaintiffs never objected to these payments because they, in fact, asked that they be paid in such a manner.").

Defendants argue that because Plaintiffs always received in excess of $10.875 in wages plus tips plus delivery charges, Plaintiffs were properly compensated for each and every hour worked past forty per week. *See* ECF 37 at 1-2, 10-11; ECF 35, ¶ 6. As explained above, however, Defendants are not entitled to claim a tip credit, making the $4 per hour that they are credited for well short of the $10.875 overtime rate for the full minimum wage.[9] Further, courts have long held that employer-employee contracts that purport to waive the employee's right to minimum wage and overtime rates under the FLSA are void. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("This Court's decisions interpreting the FLSA have frequently emphasized the

---

[9] Even if Defendants could claim a tip credit, they would still be obligated to pay more for overtime work than Plaintiffs' regular rate. *See* 29 C.F.R. § 531.60; Wis. Admin. Code DWD § 272.03(2)(h). *See also* ECF 30-3 at 24:16–25:15 (explaining Defendants' practices regarding overtime pay).

nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived…"). *See also* Wis. Stat. § 109.03(5) ("Except as provided in sub. (1), no employer may by special contract with employees or by any other means secure exemption from this section."). Thus, Defendants' practice of not paying an overtime rate for hours worked over forty in a given week, even with Plaintiffs' agreement, is not permitted. This includes any agreement to shift credit for hours worked from one brother to the other to the extent this practice deprived an individual plaintiff of overtime hours he was otherwise entitled to. Plaintiffs are entitled to an overtime rate of pay for each and every working hour past forty hours in a given week, regardless of any employer-employee agreement. The motion is granted on this issue. The appropriate amount of overtime hours credited to Plaintiffs shall be determined during the damages phase.

**E. Liquidated damages**

The FLSA sets the amount of liquidated damages as the amount of unpaid overtime compensation owed to the employee, plus an additional equal amount. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) (citing 29 U.S.C. § 216(b)). However, 29 U.S.C. § 260 provides that in an action brought under the FLSA, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." The "reasonableness" of an employer's belief relates to the specific acts or omissions that violate the statute. *Uphoff*, 176 F.3d at 405 (citing *Thomas*

*v. Howard Univ. Hosp.*, 39 F.3d 370, 373 (D.C. Cir. 1994)). A district court's discretion in deciding the liquidated damages issue must be "exercised consistently with the strong presumption under the statute in favor of doubling… Doubling is the norm, not the exception." *Id.* (citations and quotations omitted). The burden of proving both good faith and reasonable belief falls on the employer. *Id.* (citations omitted). *See also Bankston v. Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995) ("The employer bears a *substantial* burden in showing that it acted reasonably and with good faith.") (emphasis added). A good heart but empty head does not produce such a defense. *Walton v. United Consumers Club*, 786 F.2d 303, 312 (7th Cir. 1986). Employers must show that they took affirmative steps to ascertain FLSA requirements; merely showing that the violations were not willful is not enough. *Pautlitz v. City of Naperville*, 874 F.Supp. 833, 835 (N.D. Ill. 1994) (citing *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908-09 (3rd Cir. 1991)). *See also Berger*, 430 F.Supp.3d at 408.[10]

Defendants point out that they explained to Plaintiffs that they were being paid less than the minimum wage but that difference would be made up in tips, and they also provided Plaintiffs with pay stubs that showed how their paychecks were calculated. *See* ECF 37 at 9-10. They argue that they are entitled to the good-faith exception "because the actions of the defendants were in good faith and the defendants had reasonable grounds for believing that their attempts to comply with the minimum wage laws of both the federal government and the State of Wisconsin were in good faith." *Id.* at 10. Defendants' arguments are brief and conclusory; at no point do Defendants explain *how*

---

[10] Like with the tip-credit notice issue, because Plaintiffs do not have the burden of proof, they can obtain summary judgment by pointing out the absence of evidence supporting Defendants' position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

their actions were in good faith, *why* they had reasonable grounds for believing they complied with the minimum wage laws, or identify *what* those reasonable grounds are. This alone warrants granting Plaintiffs' motion on this issue. In any event, the record does not support Defendants overcoming the presumption of liquidated damages. At all relevant times, Liang understood that the minimum wage was $7.25 per hour and that his employees were entitled to overtime pay for hours worked over 40 hours per week. ECF 35, ¶¶ 33, 36. Liang avers that he paid employees based on knowledge accumulated from living in the U.S. and operating a restaurant for many years. ECF 38, ¶¶ 7-8. At no point did Liang seek guidance from his accountant about the legality of the minimum wage and overtime policies because Plaintiffs were receiving more than the minimum wage, nor did he speak to other restaurant owners regarding procedural requirements necessary for paying employees a base rate less than $7.25 per hour. ECF 30-3 at 23:1–24:15; 27:3. Liang also never spoke to his accountant or anyone else about the legality of shifting hours from one employee to another, or whether employees could otherwise waive the increased overtime pay. *Id.* at 25:21–26:2; 66:4–6.

It appears that Liang was simply unaware of the FLSA requirements as to notice and overtime pay for tipped employees, undercutting any argument that Defendants acted with a reasonable belief in their compliance with the FLSA. Admittedly, these requirements are not intuitive, however it is Defendants' obligation to make themselves aware of state and federal law and to make their practices and policies compliant. And the fact that Plaintiffs were likely the first employees in Defendants' many years of experience managing restaurants to bring these issues to attention does not relieve Defendants of their statutory obligations. Following industry custom is evidence that

would support the good faith element but not proof of a reasonable attempt to ascertain FLSA and state requirements. *See*, *e.g.*, *Morse v. MER Corp.*, 2010 WL 4812792, at *1 (S.D. Ind. Nov. 22, 2010) (evidence of industry custom and practice limited only to proving up good faith). Defendants' failure to conduct any affirmative inquires shows that they did not have reasonable grounds for believing that their policies and practices were compliant with the FLSA. Defendants thus cannot meet their burden to show that they are entitled to the good faith exception. The motion is granted. Plaintiffs are entitled to liquidated damages in the full amount with respect to the tip credit and overtime issues.[11]

**F. Personal liability; Three-year statute of limitations period**

Finally, Plaintiffs also request move the Court to find that Defendant Jun Liang is liable as their employer under the FLSA and that Plaintiffs are entitled to application of a three-year statute of limitations period. ECF 26, ¶¶ 4, 6. Defendants do not contest either of these assertions. *See* ECF 37 at 10, ¶ 7 and 11, ¶ 9. *See also* ECF 35, ¶¶ 31-32. Accordingly, I grant the motion on these two issues.

---

[11] Plaintiffs assert that they are also entitled to liquidated damages with respect to unpaid vehicle expenses. ECF 27 at 19. Because the underlying merits as to the delivery charge issue have not been decided, ruling on liquidated damages for unpaid vehicle expenses is premature at this stage.

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for partial summary judgment (ECF 26) is **GRANTED in part** and **DENIED in part** as to the delivery charge issue. Plaintiffs are entitled to the following findings:

1. Defendants did not provide adequate notice under 29 C.F.R. § 531.59(b) to claim a tip credit with respect to Plaintiffs' FLSA claim for back pay;

2. Defendants did not comply with Wisconsin law's tip declaration requirement under DWD § 272.03(2)(b)(1), and therefore are not eligible to claim a tip credit with respect to Plaintiffs' state law claim for back pay;

3. Plaintiffs are entitled to overtime pay for each of their hours worked over 40 per week;

4. Plaintiffs are entitled to liquidated damages on all minimum wage and overtime pay owed to them under the FLSA;

5. Defendant Jun Liang is personally liable for all debts owed to Plaintiffs under the FLSA; and

6. Plaintiffs are entitled to a three-year statute of limitations period.

A follow-up status conference will be set in order to discuss next steps in this case. The parties should be prepared to discuss (1) how to proceed on the delivery charge issue and (2) the possibility of settling this matter without further litigation.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2020.

                                                          s/Lynn Adelman_____
                                                          LYNN ADELMAN
                                                          District Judge